LEO BEEBE ET AL., APPELLANTS, V. ALEX REICHERT, APPELLEE.

108 N. W. 2d 804

Filed April 28, 1961. No. 34904.

*Wright & Simmons* and *Robert M. Harris,* for appellants.

*Lyman & Winner,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for injunctive relief and damages. The appellants, who will be referred to as the plaintiffs, own a quarter section of land in Scotts Bluff County, Nebraska. The appellee, who will be referred to as the defendant, owns an 80-acre tract of land lying to the east of the plaintiffs' land and adjacent thereto.

The petition alleged that the west bank of an irrigation lateral running north and south was the boundary line between the plaintiffs' land and the defendant's land; that the west bank of the lateral had been recognized and acquiesced in as the boundary line for more than 10 years; that the plaintiffs, and their grantors, had been in adverse possession of the land lying west of the west bank of the lateral for more than 10 years; and that the defendant was constructing a dike and other structures on the plaintiffs' land. The prayer was that the defendant be enjoined from making any use of the land lying west of the west bank of the lateral; that the defendant be required to restore and maintain the west bank of the lateral in its original condition; and that the plaintiffs recover damages.

The answer amounted to a denial of the allegations of the petition concerning the boundary line and alleged that the boundary line was located 30 feet west of the west bank of the irrigation lateral. The reply was a denial of the allegations of the answer.

Upon trial to the court, the court found that there was a failure of proof and dismissed the action. A motion for new trial was filed and overruled. The plaintiffs then appealed.

The plaintiffs' assignments of error are, in substance, that the court erred in dismissing the action, in permitting the defendant to amend his answer after the plaintiffs had rested, and in admitting certain exhibits. Our

determination concerning the first assignment makes it unnecessary to consider the others.

This being an appeal in an action in equity, it is triable de novo in this court, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. Peters v. Woodman Accident & Life Co., 170 Neb. 861, 104 N. W. 2d 490.

An irrigation lateral running north and south has existed for many years near the boundary line between the plaintiffs' land and the defendant's land. A licensed surveyor testified that the lateral was approximately 13.1 feet east of the boundary line at a point 1,550 feet south of the north line and approximately 25.5 feet east of the boundary line at the north end of the property. An exhibit prepared by this witness showed that the lateral was approximately 3.5 feet east of the boundary line at the south end of the property.

The dike constructed by the defendant is on the west bank of the lateral and runs south from the north line of the property approximately 1,550 feet. The dike is approximately 10 to 12 feet wide at its widest place. The dike was constructed by pushing the east bank of the lateral over onto the west bank. The ownership of the property on which the dike is located is the controlling issue in the case.

The evidence shows that about 1928 a fence was constructed west of the lateral. Sometime around 1951 the fence was removed. The construction of the dike commenced in March of 1959. It is apparent that unless the plaintiffs obtained title to the property in dispute prior to the removal of the fence in 1951, they cannot succeed in this action. This is true because the statutory period is 10 years. § 25-202, R. R. S. 1943.

The plaintiffs' theory of the case is that the fence was located on the west bank of the lateral; that the plaintiffs and their grantors claimed ownership of the land west of the fence for more than the statutory period without interruption in their possession or control; and that the plaintiffs have acquired title to the land west of the fence under the rule discussed in Olson v. Fedde, 171 Neb. 704, 107 N. W. 2d 663, and the cases cited in that opinion.

The plaintiff Leo Beebe testified that the west bank of the lateral was 3 feet wide; that the fence had been constructed on the west bank of the lateral; that while the fence was there he farmed within 18 inches of the fence; that he farms within approximately 3 feet of the lateral; that in the past 2 years he has pastured his land and erected a woven wire fence; and that in 1958 the fence was 12 feet west of the west bank of the lateral, all along the line.

Henry Sauer, a former tenant on the defendant's land, testified that the fence was within 18 inches of the lateral and that when he "pulled" the ditch the tractor would be in the plaintiffs' hayfield.

Harold Spurrier, who owns the land on the east of the defendant, testified that the west bank of the lateral was around 36 inches wide, and that the fence was 18 inches from the lateral.

E. F. Koenig, who owns the property directly south of the defendant, testified that the fence was as close to the lateral as you could get along there and work the ditch.

The defendant testified that he purchased his land in 1954; that at that time there was a "valley" from 12 to 33 feet west of the lateral; that there was a dike covered with weeds between the valley and the lateral; that the west bank of the lateral or dike was from 12 to 16 feet wide; that the plaintiffs' crops were from 12 to 16 feet west of the lateral; and that in cleaning the

ditch, a tractor was operated on the west bank of the lateral without going upon the plaintiffs' crops.

The defendant's land was formerly owned by Jacob Shaffer, the father of John Shaffer. John Shaffer testified by deposition that he had lived on the land and had helped construct the fence in about 1928; that the fence was a good 12 feet west of the center of the lateral; that the fence was about 2 feet east of the east side of the culvert between the plaintiffs' land and the highway on the north side of the property; and that the west bank of the lateral was approximately 12 feet wide.

William E. Keefover, a surveyor, testified that in 1956 the west bank of the lateral was 12 feet wide at the north end and from 6 to 8 feet wide at the south end, and that it was covered with weeds.

Marvin Holscher, a lawyer formerly associated with the defendant's counsel, testified that in 1956 at the north end of the property there were heavy weeds 18 feet west of the lateral.

Harry Reichert, the defendant's brother, testified that he burned the weeds west of the lateral in 1954; that the weed patch was from 15 to 18 feet wide at the north end and from 12 to 15 feet wide near the middle; that there were stubs from the fenceposts in the ground and fenceposts with barbed wire attached to them laying on the ground; that one stub about 300 feet south of the north line was 15 feet west of the lateral; and that in cleaning the ditch he drove the tractor in the weeds on the west bank of the lateral.

From the foregoing summary of the principal evidence bearing upon the location of the fence between 1928 and 1951, and the bank upon which it was built, it is apparent that the evidence relating thereto is in irreconcilable conflict. The trial court who observed the witnesses and their manner of testifying accepted the version of the facts most favorable to the defendant. His finding that there was a failure of proof is sustained

by the record. The conclusion which we have reached makes it unnecessary to consider the aerial photographs offered by the defendant and the testimony concerning them. It is also unnecessary to consider the assignment of error relating to the defendant's amendment of his answer.

The decree of the trial court is correct and is affirmed.

AFFIRMED.